OUTLAW *v.* CHERRY.

(*Nashville.*   January 11, 1890.)

SUPREME COURT.   *Jurisdiction to revive suit.*

Supreme Court cannot revive, *as a pending case,* a suit disposed of by final judgment at a former term, although the judgment was void for reasons not appearing in the record, but capable of proof *aliunde.* To hear and consider such evidence would involve the exercise of original jurisdiction.

Case cited : Erwin *v.* Foster, 6 Lea, 187.

FROM STEWART.

Appeal in error from Circuit Court of Stewart County.   Jo. C. STARK, J.

SCARBOROUGH & MARTIN for Outlaw.

J. W. STOUT for Cherry.

SNODGRASS, J.   A judgment was recovered by plaintiff in the Circuit Court, and defendant appealed.

The defendant died in 1880, after the appeal, but no notice was taken of his death in the record, and the judgment was affirmed by this Court in 1886.

In 1888 plaintiff suggests his death, and has *scire facias* issued against his administrator, who now appears and resists the application to revive, and pleads the statute of limitation of two years, showing that more than two years and six months had elapsed since his appointment, which was made in 1880.

It is insisted by plaintiff that this is an application to revive a pending suit, and that the plea of the statute is not a good defense under the case of *Erwin* v. *Foster*, 6 Lea, 187, where this Court so held.

It is further insisted that the judgment rendered in 1886 was void, because defendant was dead, and therefore the case must be treated as though no judgment had been rendered, and the case was still pending.

This is not correct. The judgment is not void on its face, and can only be made to appear so by evidence outside the record, which we, having no original jurisdiction, are not authorized to take. It was a judgment which the Court could properly render, when it did do so, upon the record as it was presented to it, and since the judgment was rendered the case has not been pending.

The plaintiff has therefore no right to revive it as a pending suit, and the application to do so is refused, and *scire facias* quashed.